So Ordered.

Dated: December 11, 2025



Rachel M. Blise
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

RUSS'S MULCH & TRUCKING LLC,

Debtor.

Case No. 25-25134-rmb

Chapter 11 (Subchapter V)

**DECISION AND ORDER ON APPLICATION TO EMPLOY**

The debtor filed a voluntary bankruptcy petition under subchapter V of chapter 11 on September 12, 2025. The debtor was assisted by legal counsel with Benjamin Legal Services PLC in the preparation and filing of the petition and related documents. The same counsel assisted the debtor to file the required statements and schedules and accompanied the debtor to the initial debtor interview with the United States trustee's office and to the § 341 meeting of creditors. After all these services were provided and over five weeks after the September 12, 2025 petition date, the debtor filed an application to employ Benjamin Legal Services as counsel for the debtor-in-possession on October 19, 2025. The application requested that the employment be made retroactive to the petition date. The Court will grant the application to employ but will not make the employment retroactive.

No party in interest objected to the debtor's application to employ Benjamin Legal Services, but the Court has an independent duty to review such applications. *E.g.*, *In re Drexel Burnham Lambert Grp. Inc.*, 112 B.R. 584, 586 (Bankr. S.D.N.Y. 1990) ("The duty of the Court to review the application [to employ] is independent of the absence of any objection and stems from its duty of independent review of applications for compensation."). After reviewing the information provided in support of the application and the request for retroactive approval, the Court held a hearing on December 3, 2025 to address the propriety of granting retroactive relief. At the hearing, the Court heard argument from proposed counsel for the debtor and from counsel for the United States trustee.

Section 327(a) of the Bankruptcy Code provides that a trustee, and in a chapter 11 case the debtor-in-possession, may employ attorneys and other professionals "with the court's approval." 11 U.S.C. § 327(a). There is nothing in the Bankruptcy Code or Rules that requires this court approval to precede counsel's engagement. *See id.* However, the Seventh Circuit has held that "[p]rior approval is strongly preferred because it permits close supervision of the administration of an estate, wards off 'volunteers' attracted to the kitty, and avoids duplication of effort." *In re Singson*, 41 F.3d 316, 319 (7th Cir. 1994). The debtor must therefore demonstrate "excusable neglect" – something more than simple neglect but less than extraordinary circumstances – to justify employment of counsel with an effective date that is before the date an application under § 327(a) is filed. *Id.* ("[W]hen the trustee establishes 'excusable neglect,' the court may give retroactive authorization under § 327(a) and Rule 2014(a) for the provision of professional services.").

To determine whether there is excusable neglect, a court should weigh four factors: (1) the danger of prejudice to the non-moving party, (2) the length of delay and potential impact

2

on judicial proceedings, (3) the reason for the delay and whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Supreme Court has also recognized that the existence of excusable neglect is an equitable determination and courts should "tak[e] account of all relevant circumstances surrounding the party's omission." *Id.* The Seventh Circuit has said that the reason for the delay is "immensely persuasive." *In re KMart Corp.*, 381 F.3d 709, 715 (7th Cir. 2004).

Proposed counsel submitted a declaration purporting to explain why the debtor did not file a motion seeking employment of counsel until several weeks after the petition date. To explain the reason for the delay, counsel notes that Federal Rule of Bankruptcy Procedure 6003(a)(1) prohibits courts from granting an application to employ until 21 days after the petition is filed "[u]nless relief is needed to avoid immediate and irreparable harm." Counsel also points to Local Rule 2014, which allows applications to employ to be granted on "negative notice" and sets a 14-day objection period. Counsel states that he feared if an application to employ was filed with the petition, and no objections were filed, the application would be granted in less than 21 days, in violation of Rule 6003(a)(1). This is not a rational fear or a sufficient explanation. Bankruptcy Rule 6003 precludes the *granting* of an application to employ before 21 days after the petition date, but it does not preclude the *filing* of such an application before then. Local Rule 2014 clearly indicates that the Court will not act on an application to employ a professional sooner than permitted under Rule 6003. *See* Local Rule 2014(c)(3) ("*Except as otherwise provided by Fed. R. Bankr. P. 6003*, the court may act on an application to appoint a professional without awaiting expiration of the notice period.") (emphasis added). Counsel's supposition that

3

Case 25-25134-rmb    Doc 74    Entered 12/11/25 16:13:32    Page 3 of 7

the Court would violate the Federal Rules of Bankruptcy Procedure is not a reason to delay filing an application to employ.

Counsel also says that the case was an emergency filing, that he was not working a full schedule at the time the case was filed, and that he focused on other issues in the case before turning to the application to employ. During the December 3 hearing, the Court noted that counsel had prepared and filed the debtor's schedules, attended the § 341 meeting of creditors, and conducted negotiations with at least one creditor before filing an application to employ. When asked why he had delayed in filing his application to employ despite having been able to provide significant legal services to the debtor, counsel responded that he had been busy attending to the other matters in the case, that he always intended to file the application when he had time, and that he did not believe there was a deadline to file the application. Counsel did not identify any circumstance that prevented him from filing the application sooner, nor was he able to provide a reason why this case is different from any other case in which a debtor's counsel might delay filing an application to employ until weeks after the petition date.

Counsel's excuses for not filing his application to employ with or even soon after the petition do not provide a justifiable reason for the delay. As noted, counsel was able to assist the debtor in filing the various required schedules and statements, including Form 2030 regarding his own compensation, within 14 days after the petition was filed. Counsel indicated that he was well aware of the need to file an application to employ, but there does not seem to be a particular reason that counsel did not prepare and file an application to employ other than his own neglect and failure to prioritize the task.[1] Thus, this does not seem to be a case in which counsel has

---

[1] Counsel for the United States trustee also confirmed that the lack of a pending application to employ was a subject of discussion at the § 341 meeting, which was held just three days before counsel filed the application. This timing suggests that counsel put off the task until he was prompted to do so at the § 341 meeting.

"taken the appropriate precautions, and something nonetheless goes awry." *Singson*, 41 F.3d at 319. Nothing went awry here; counsel just failed to attend appropriately and timely to his obligation to file an application to employ.

As to the other excusable neglect factors, counsel asserts that neither the estate nor the creditors were prejudiced due to the late filing, that the delay was minimal, and that counsel acted in good faith. Counsel's argument appears to be "no harm, no foul." That is, because there are no objections to his application and he provided valuable services to the debtor in possession, counsel's application ought to be retroactively approved. Under this theory, counsel for a debtor-in-possession could file his application to employ many weeks or months after the petition date as long as counsel was employable on the petition date. That seems to be precisely what the Seventh Circuit sought to prevent with its ruling in *Singson*: "[A] pattern of doing work first and seeking approval later . . . definitely is not 'harmless.'" *Singson*, 41 F.3d at 320.

There is an important reason why an application to employ bankruptcy counsel for a debtor-in-possession should be filed with the petition. A professional retained by the debtor-in-possession must not "hold or represent an interest adverse to the estate" and must be "disinterested." 11 U.S.C. § 327(a). The applicant must provide a verified statement setting forth all the applicant's connections with "the debtor; creditors; any other party in interest; their respective attorneys and accountants; the United States trustee; and any person employed in the United States trustee's office." Fed. R. Bankr. P. 2014(a)(2)-(3). This rigorous test of disinterestedness goes beyond an attorney's typical conflict check. *See, e.g.*, Jerald I. Ancel & Jeffrey J. Graham, *Renewed Interest in Disinterestedness Under §§ 101(14) and 327(a)*, Am. Bankr. Inst. J., Sept. 2013, at 14 ("Insolvency professionals seeking compensation from the estate must go above and beyond mere conflict checks."); *In re EZ Links Golf, LLC*, 317 B.R.

5

858, 862-63 (Bankr. D. Colo. 2004) ("Discerning conflicts requires examining many factors. . . . [A]ctivities and multiple representation that may be acceptable in commercial settings, particularly with the informed consent of clients, may not be acceptable in bankruptcy.") (citations and internal quotation marks omitted); *In re Begun*, 162 B.R. 168, 180 (Bankr. N.D. Ill. 1993) ("The logistical steps of performing a thorough check for connections as well as conflicts are burdensome, but required nonetheless under the Bankruptcy Code and Rules."). The process of drafting and verifying the statement required under Bankruptcy Rule 2014(a)(3) serves as an important check on counsel, and having counsel's verified statement on record in the case allows all interested parties dealing with counsel for the debtor-in-possession to review counsel's connections to the case *before* counsel performs significant service for which he will seek compensation from the estate.

Since at least 1994, the law in this circuit has been that an application to employ under § 327 must be filed before the professional renders services to the trustee or the debtor-in-possession unless the applicant can demonstrate excusable neglect for failing to file an application before rendering services. In this case, counsel's lackadaisical approach to the timing of the filing of the application to employ was "neglect of the non-excusable kind." *Singson*, 41 F.3d at 320. Therefore, retroactive approval of the application to employ is not appropriate. Because no objections to the application were filed, the Court will grant the application effective as of the date it was filed.

Accordingly, IT IS HEREBY ORDERED:

1. The debtor is authorized to employ Benjamin Legal Services PLC to act as counsel for the debtor-in-possession pursuant to 11 U.S.C. § 327, with compensation to be paid in such amounts as may be allowed by the Court.

6

2. The effective date of the employment shall be October 19, 2025.

3. Benjamin Legal Services PLC shall receive no compensation until an application is filed under Bankruptcy Rule 2016(a), with notice to creditors as required by Bankruptcy Rule 2002, and the court approves the application.

4. If the assets of the estate are insufficient to pay administrative costs, including professional fees, interim payments on professional fees may not be allowed if it cannot be shown that there is a reasonable likelihood that the estate will in the future generate sufficient cash to pay all administrative expenses in full.

# # # # #